KNIGHT *v.* MISSOURI, PACIFIC RAILROAD COMPANY.

Opinion delivered October 5, 1925.

MASTER AND SERVANT—PAYMENT OF WAGES—ESTOPPEL.—Where a railroad employee accepted monthly checks stating that they were for all services rendered by him during the months specified in in each, he thereby estopped himself to claim additional amounts for such months.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*W. K. Ruddell,* for appellant.

*Thos. B. Pryor* and *H. L. Ponder,* for appellee.

HUMPHREYS, J.    Appellant, an employee, brought suit against appellee, a railroad corporation operating in this State, in the circuit court of Independence County to recover alleged monthly shortages covering a considerable length of time, which the company refused to pay him. It was alleged that the total shortages and overtime amounted to $59.25, and that he was entitled to sixty days' pay at $3.60 per day as a penalty under § 7125 of Crawford & Moses' Digest for discharging him without

paying said amount. The suit was brought on March 10, 1923, almost two years after the last alleged monthly shortage.

Appellee filed an answer, denying the material allegations in the complaint and pleading payment of all it owed appellant.

Appellant testified that appellee failed to pay him the full amounts due him in the months of February, June, July, September, and October, 1920, and January and June, 1921; that the several items of shortage and the overtime he worked amounted to $59.25. Upon his cross-examination, a p p e l l e e introduced seventeen monthly checks, which appellant identified as payments made to him by appellee covering the period of alleged shortages. The checks, except as to dates and amounts, contain the following provision:

"Pay to the order of David Knight $38 for services rendered during the month of February, 1920."

At the conclusion of the testimony, appellee asked for an instructed verdict, which the court gave over the objection and exception of appellant. The court then rendered a judgment in accordance with the peremptory instruction, from which an appeal has been duly prosecuted to this court.

Appellant contends for a reversal of the judgment because appellee did not plead accord and satisfaction, and because the checks did not purport to be payments in full. The checks were introduced in the case for all purposes without objection, and, in view of these facts, the court had a right to treat the answer as amended to conform to the facts. If the checks amounted in fact to an accord and satisfaction, it was proper for the court to treat the answer as amended to show that fact. The correctness of the judgment then must turn upon the effect to be given the checks. Appellant testified that he was entitled to more each of the months referred to than shown by the checks, and that he demanded full payment from the officials but they refused to recognize or to pay his claims. The effect of his testimony was to show that

the several amounts claimed by him were in dispute. During the time of the difference, monthly checks in form above were accepted from the company and cashed by him. The checks specified that they were in payment of services rendered during particular months, covering the months for which he claimed shortages and overtime. We think, properly interpreted, the checks were tendered for all services rendered by appellant during the months specified in each, and that by receiving and cashing them, appellant estopped himself to claim additional amounts.

The judgment is affirmed.