MOGRIDGE v. MO-ARK OXYGEN COMPANY.

4-4405

Opinion delivered November 9, 1936.

*Robert W. Griffith,* for appellant.

*Harvey G. Combs* and *Pryor & Pryor,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover the sum of $1,550 which he alleged to be the value of services rendered it between June 1, 1931, and January 1, 1934, while he was a minor. He did not claim any express contract with appellee for his services during such period, at any particular rate of pay, but only that he rendered services during such time under such circumstances that the law would imply an agreement to pay a reasonable compensation on a *quantum meruit* basis. He further alleged that he was employed by appellee and received a salary of $50 per month from January 1, 1934, to January 1, 1935, at which time his salary was increased, and again increased on April 1, 1935, and that on May 15, 1935, he resigned his position. Appellee answered denying all the material allegations of the complaint and pleading estoppel by his conduct after reaching his majority in January, 1934. Trial resulted in a verdict and judgment for appellee, and this appeal followed.

For a reversal of the judgment appellant first says the verdict is contrary to the law, the evidence, and both the law and the evidence. As to the sufficiency of the evidence to support the verdict, but little need be said. It is sufficient to say that his right to exact pay for services rendered during his minority and prior to January 1, 1934, was disputed by appellee's witnesses who disclaimed any employment of appellant by it, but that if he rendered any services it was at the instance of his father who was a salaried employee of it and for his benefit as it was the father's duty to perform such services and he was paid for them. As alleged in his complaint, appellant became a salaried employee of appellee on January 1, 1934, and remained in its employ until May 15, 1935, when he quit of his own volition. During all this time he was paid his agreed salary, with two increases, semi-monthly, and with never any question about any back pay due him for the period

now claimed. On the contrary, on January 26, 1934, he wrote appellee as follows: ''I wish to take this opportunity to thank you for listing me as one of the Mo-Ark employees. I am proud to be an employee of the company and shall do all I can to live up to the standard the company expects of me. If at any time I, unknowingly, make an error of any kind I shall feel it no more than your duty to call my attention to the matter.

''Dad just gave me my check, for the first half of the month, yesterday and I surely was surprised to find that I had been put on the job. I knew that you would do all you could for me and I also knew that business had been slack up until the past few months but I didn't know I was on the job until after I received my first half month's pay.

''I feel that it is up to me entirely now to make a success of my job and believe you me a success it will be because I'll be steady on the job and work hard.

''Again thanking you for this favor and also for all past ones, I am

''Yours very truly,

''(Signed) Ralph Mogridge.''

He wrote appellant other letters of like tenor, but never mentioning the matter of service rendered during his minority or that he was entitled to any pay therefor. He was paid each pay-day by a check which recited that it was in settlement of his salary. Under such circumstances, we think he was estopped to contend that he was entitled to the back pay claimed in this action. In *Knight* v. *Missouri Pac. Rd. Co.,* 169 Ark. 397, 275 S. W. 704, it was held, to quote a syllabus: ''Where a railroad employee accepted monthly checks stating that they were for all services rendered by him during the months specified in each, he thereby estopped himself to claim additional amounts for such months.'' The only difference between that case and this is that in the former, the employée was admitted to be such and the claim was for additional pay over and above the amount of his pay checks reciting they were for all services for the months specified; while in this case appellant's status as an employee prior to 1934 is denied and the pay checks he

did receive recited they were in settlement of his salary for the time specified.

The general rule is stated in 39 C. J., page 189, § 261, as follows: "That the employee has been fully paid for his services will be presumed where it is shown that he worked under a contract fixing his wages and providing for their payment periodically and that they were regularly paid when due, especially when receipted for as wages in full. This presumption of payment follows from a single payment for services for a particular month or other period of time, and extends to all prior periods of service, provided no interval of time has intervened between them, and to all labor or services rendered by an employee similar to his regular duties. The presumption of full payment may be rebutted by evidence of a subsequent agreement providing for the payment of additional compensation if the employee would continue in the service, and his continuing in the service on those terms. Payment of an employee's wages will not be presumed from the employer's ability to pay and the absence of reasons for his not paying."

As stated in the above text the presumption of full payment is rebuttable "by evidence of a subsequent agreement," etc., but here there is no evidence of a subsequent agreement to pay anything prior to January 1, 1934. He accepted his pay checks from time to time and a presumption arose that they covered all prior service.

In this view of the matter, it becomes unnecessary to discuss other assignments of error relating to the giving and refusing to give certain instructions, as a directed verdict in appellee's favor was justified, and since the jury has found for appellee, the judgment based thereon must be affirmed.